IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-71,162-01






EX PARTE KENNITH W. LORENTZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR-24878-A IN THE 217TH DISTRICT COURT

FROM ANGELINA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
sexual assault of a child and was sentenced to ten years' imprisonment on count I and ten years'
probation on count II. The trial judge ordered that the probated sentence not begin to run until
Applicant had successfully completed his parole on the conviction with a sentence of ten years'
imprisonment. On direct appeal, the Twelfth Court of Appeals reformed the judgments to reflect
that the probated sentence shall begin to run when the sentence with a term of imprisonment has
ceased to operate and affirmed the judgments as reformed. See Lorentz v. State, No. 12-06-00037-CR, (Tex. App. -- Tyler, 2007, pet. dism'd) (not designated for publication). 

 In this application for a writ of habeas corpus, Applicant raises seventeen claims challenging
the merits of these convictions. In so far as these claims pertain to the sexual assault conviction
which carries a sentence of ten years' imprisonment, we find that the claims have no merit, and deny
relief on the basis of the trial judge's findings. In so far as these claims pertain to the sexual assault
conviction which carries a probated sentence, we find that there is no 11.07 jurisdiction as
Applicant's probation has not been revoked and the conviction has not become a final felony
conviction. See Tex. Code Crim. Proc. Art. 11.07, §§ 1, 3(a)-(b); Ex parte Renier, 734 S.W.2d
349 (Tex. Crim. App. 1987). Therefore, we dismiss.


Date Filed: March 11, 2009

Do not publish